IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                           Case No. 3:24-cr-66

RANDEL DOUGLAS HOGGARD,

   Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the defendant's MOTION TO SEVER CHARGES (ECF No. 14) (the "Motion"). For the reasons set forth below, the Motion will be denied.

### BACKGROUND

On April 16, 2024, Randel Douglas Hoggard was charged by indictment with two violations of 18 U.S.C. § 922(g)(1), Possession of Firearm by Convicted Felon. On May 6, 2024, an AMENDED INDICTMENT (ECF No. 10) was returned to fix a clerical mistake in the INDICTMENT: it changed the wording of Count I, which charged Hoggard with "knowingly possess[ing] firearm ammunition," to "knowingly possess[ing] a firearm . . . ." That was the only change. Id. The AMENDED INDICTMENT alleged that the conduct giving rise to Count I occurred on or about January 12, 2022 and that the conduct giving rise to Count II occurred about two years later, on

or about January 16, 2024. Id. The facts surrounding the offenses and necessary for deciding the MOTION, as set forth in the INDICTMENT and the papers, are as follows.

On or about January 12, 2022, Richmond Police executed a search warrant at 3443 Walmsley Boulevard, Apartment B, in Richmond, investigating an alleged assault of Hoggard's nine-day-old child. ECF No. 14 at 1. While executing that warrant, detectives observed firearms and narcotics. On that basis, the Richmond detectives obtained and executed a second search warrant, seizing four firearms and drug paraphernalia. Id. at 1-2.

On or about January 16, 2024, Chesterfield County Police executed a search warrant at 3443 Walmsley Boulevard, Apartment E,[1] investigating threats Hoggard allegedly made to a witness. Id. at 2. During the execution of that warrant, one firearm was found and seized. Id. DNA found on guns from both search warrants matched the defendant's. Id.

On May 20, 2024, the defendant filed the Motion, arguing that: (1) the offenses were not properly joined under Fed. R. Crim. P. 8 as being "of the same or similar character"; (2) even if they were, the defendant will be prejudiced if the counts are not severed; and, related to the second argument, (3) his right to a fair trial outweighs the Court and the public's interest in any

---

[1] The same apartment building or complex as in 2022, but a different unit, both presumably the defendant's residence.

2

judicial efficiency that might be provided by joinder of the counts. ECF No. 14 at 3-6.

## DISCUSSION

### I. Legal Standard

Fed. R. Crim. P. 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"Rule 8(a) 'permit[s] very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial. . . . Rule 8(a) is 'not infinitely elastic,' however, because unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." United States v. Cardwell, 43 F.3d 378, 385 (4th Cir. 2005) (quoting United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003)). The test is whether "the two crimes at issue [are] logically related." Id. at 386 (emphasis in original).

3

"[I]t is an unremarkable example of offenses of the 'same or similar character' when the defendant is charged only with multiple violations of the same statute." United States v. Hawkins, 776 F.3d 200, 208 (4th Cir. 2015) (citing United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) ("Trial courts routinely allow joinder of different bank robbery counts against a single defendant in the same indictment.")). In United States v. Rousseau, 257 F.3d 925 (9th Cir. 2001), the court held that two counts of being a felon in possession of a firearm were properly joined. Id. at 932. There, as here, the two counts involved two different firearms, and the offense conduct occurred roughly seven months apart. Id. The court held that joinder was proper under Rule 8(a)'s same or similar character facet even though the defendant argued that evidence of one count would prejudice the jury as to the other count. Id. The court held that instructing the jury on the elements of each count separately successfully mitigated any prejudice. Id. In Hawkins, the Government raised Rousseau, and the Fourth Circuit differentiated it. 776 F.3d at 208. But the difference there was that the Hawkins defendant had not been charged with violations of the same statute, unlike in Rousseau and unlike here. Id.

"[Rule 14(a)] contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required." Cardwell, 43 F.3d at 387. "Such cases, however, will be rare." Id. The Supreme Court of the United States has instructed that "a

4

district court should grant a severance under Rule 14 <u>only</u> if there is a serious risk that [joinder] would . . . prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993) (emphasis in original). Moreover, severance under Rule 14(a) "is required only if the defendant shows that requiring him to defend against the joined offenses in the same trial [would result] in 'clear prejudice.'" <u>Cardwell</u>, 43 F.3d at 387-88 (quoting <u>Acker</u>, 52 F.3d at 514).

Joinder under Rule 8(a) that would otherwise be proper, because the offenses were of the same or similar character, is nevertheless prejudicial under Rule 14(a) if:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

<u>United States v. Foutz</u>, 540 F.2d 733, 736 (4th Cir. 1976). But where "the Government's evidence regarding the individual charges [is] <u>simple</u> and different such that the jury could segregate the evidence into 'separate intellectual boxes,'" there is not the requisite "strong showing of prejudice." <u>United States v. Leonard</u>, 139 F.3d 893 (4th Cir. 1998) (emphasis added) (quoting <u>Foutz</u>, 520

F.2d at 738; United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)). And, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

## II. Analysis

First, Counts I and II are properly joined under Rule 8(a). That is because they are violations of the same statute and are thus "unremarkabl[y]" of the same or similar character. Hawkins, 776 F.3d 200. It is true that the offenses occurred two years apart and in two different residences (although in the same apartment complex). But the offense in question in both Counts, 18 U.S.C. § 922(g)(1), has five simple elements: it is unlawful for (1) a person who has been convicted of a felony; (2) to possess; (3) a firearm; (4) in or affecting commerce; (5) knowingly. See Rehaif v. United States, 588 U.S. 225, 230 (2019). The factual differences surrounding each allegation do not weigh heavily on these elements. Given what must be proved beyond a reasonable doubt at trial, therefore, the time and place differences between Counts I and II do not render them of a different character. In other words, there is little risk that "the defendant will be convicted based on considerations other than the facts of the charged offense[s]." Cardwell, 43 F.3d at 385. Rousseau supports this position. There, the court rejected a similar argument, where the two counts involved different firearms and more than six months had elapsed

between them, on the grounds that charging the jury separately on each count sufficiently mitigated any risk of prejudice. 257 F.3d at 932. Indeed, here, the defendant presents no law in support of his position that "[s]imply having two charges under the same statute <u>should not</u> be sufficient to satisfy Rule 8 joinder for offenses being of the 'same or similar character.'" ECF No. 14 at 4 (emphasis added).

Accordingly, the question becomes whether severance under Rule 14(a) is appropriate because joinder would "clear[ly] prejudice" the defendant. Joinder of Counts I and II does not clearly prejudice Hoggard here. First, as the Government argues, the evidence it plans to use at trial is largely DNA evidence from the defendant, matching guns from both warrants and analyzed by the same laboratory.[2] Matching DNA evidence is not as easily subjected to "confus[ion] and cumulat[ion]" by the jury, <u>Foutz</u>, 540 F.2d at 736, because of its similar character and, at the same time, the lack of correlation between the evidence supporting each count on its own. Second, the risk is low that "the jury may conclude that the defendant is guilty of one crime and then find

---

[2] In reply, the defendant argues against the admissibility of some of that evidence on the basis of potential contamination of the DNA. ECF No. 26 at 4. But, as the Court of Appeals has held in a different context, "[u]ltimately, [that] issue presents a question of the weight of the evidence, not a question of admissibility. Defense counsel [is] free to explore that weight on cross-examination." <u>United States v. Campbell</u>, 851 Fed. App'x 370, 375 (4th Cir. 2021).

7

him guilty of the other because of his criminal disposition," id., because the physical evidence upon which the Government plans to rely does not significantly implicate the defendant's subjective criminal character or propensity. To the extent that evidence of possession of one of the guns may be inadmissible in a trial for possession of the other, under Fed. R. Evid. 403 or 404, that risk would be sufficiently mitigated here by a limiting instruction due to the straightforward nature of the alleged violation and of the evidence. And, as previously noted, Rousseau provides that "when a court charges the jury on the elements of each count separately, its action militates against a finding of prejudice." 257 F.3d at 932.

## CONCLUSION

For the reasons set forth above, the MOTION TO SEVER CHARGES (ECF No. 14) will be denied.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 27, 2024