IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Case No. 3:24cr66

RANDEL DOUGLAS HOGGARD,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on MR. HOGGARD'S *MOTION IN LIMINE* (the "MOTION")(ECF No. 70), Motion *in Limine* No. 6. For the reasons set forth below, the MOTION (ECF No. 70) will be GRANTED as to Motion *in Limine* No. 6.

## BACKGROUND

Randell Douglas Hoggard ("Defendant" or "Hoggard") was indicted for two violations of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. ECF No. 10. The alleged possessions occurred on January 12 and 16, 2024. Id. In each instance, firearms were found in searches of premises allegedly occupied by Hoggard. In each instance, Hoggard's defense is that he did not possess the firearm.

Hoggard was convicted of unlawful possession of firearms in 2006 and 2018. The United States proposes to offer those prior convictions under Federal Rule of Evidence Rule 404(b). Hoggard argues that the previous convictions do not satisfy the test for

1

Rule 404(b) admissibility in this Circuit and that the evidence should be excluded as unfairly prejudicial under Federal Rule of Evidence 403.

## DISCUSSION

### I. LEGAL STANDARD

Rule 404(b) prohibits "[e]vidence of other crimes, wrongs, acts . . . to prove the character of a person in order to show conformity therewith." Fed. R. Evid. 404(b). Such evidence, "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Id. "Rule 404(b) is a rule of inclusion, admitting all evidence of other crimes as except that which tends to prove only criminal disposition." United States v. Moore, 709 F.3d 287, 295 (4th Cir. 2013) (quoting United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011)). The Fourth Circuit has delineated a four-factor test that the Government must satisfy before the Court can properly admit the evidence of the previous convictions under Rule 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. [Finally], (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends

to subordinate reason to emotion in the factfinding process.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997); United States v. Talley, 767 F. App'x 477, 485 (4th Cir. 2019) (unpublished). The fourth factor requires the Court to undertake a Rule 403 balancing test. United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014), abrogated on other grounds, Hein v. North Carolina, 574 U.S. 54 (2014).

Rule 403 directs the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

II. ANALYSIS

    a. First Queen Requirement

The Fourth Circuit has held that the first requirement of Queen dictates that "[f]or evidence to be relevant, it must be 'sufficiently related to the charged offense." United States v. Brown, 2019 WL 1371860, at *4 (W.D. Va. Mar. 26, 2019) (citing United States v. McBride, 676 F.3d 385, 397 (4th Cir. 2012)). "The more closely ... the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." Id. (citing McBride, 676 F.3d at 397)

The Government argues that the previous convictions (2006 and

3

2018) are admissible to prove the Defendant's knowledge or intent to possess the charged firearms, which "are directly implicated by elements of § 922(g)(1)." Brown, 2019 WL 1371860 at *5 (citing United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005)). While "the mere lapse of time is insufficient to justify excluding" the convictions, the lapse of time is nonetheless a factor to consider alongside the factual similarities or dissimilarities that also measure the probative value of the conduct. Id. (citing United States v. Brown, 398 Fed. Appx. 915, 917 (4th Cir. 2010)). Here, the 2006 conviction is for behavior that occurred around 16 years before the conduct in question, which weighs heavily against a finding of relevance. Further, the behavior involved in that conviction is not similar to that of the conduct alleged in this case. For comparison, the court in Brown found that a more than ten-year-old previous conviction was not sufficiently similar to a later charged possession of a firearm because:

> "(1) the firearm recovered from her person was a loaded .22 caliber pistol (not a 9mm pistol); (2) the firearm was located in her lap in the passenger's seat rather than under the front driver's seat; (3) she was a juvenile at the time; and (4) she was charged through a juvenile petition with being a minor in possession of a firearm rather through grand jury indictment with being a convicted felon in possession of a firearm under § 922(g)(1)."

Id. The court in Brown found that, even though any one of these dissimilarities was not alone sufficient to justify the exclusion

4

of the earlier conviction, "collectively, they weaken the probative value of this evidence to such an extent that it ought not to be considered by the trier of fact." Id.

The conduct at issue in this case looks to be even more attenuated in its factual similarity than was the case in Brown. The facts pertaining to Hoggard's 2006 conviction are that Hoggard contacted Emergency Medical Services for assistance, and, upon an administration of aid by an Emergency Medical Technician, it was discovered that the defendant had a loaded handgun in his coat pocket. ECF No. 9 at 5-6. This case is purely a constructive possession theory in which the Defendant is not alleged to have had a firearm on his person, but to have possessed the charged firearms because they were found in a space that he was inhabiting.

Hoggard's 2018 conviction suffers from the same difficulty. The court in Brown allowed a different conviction for felon in possession of a firearm, separated by a span of six years from the charged conduct, to be entered into evidence. Brown, 2019 WL 1371860 at *6. However, that evidence was found, in Brown, to be probative of the knowing and intentional possession of the charged firearm because the facts of the prior conviction and charged conduct were under "circumstances substantially similar[.]" Id. In Brown, the court found that the previous conviction "closely resembele[d]" the charged conduct, because in both instances the defendant concealed a loaded 9mm handgun under the driver's seat

5

of a car that the defendant was driving. Id. Further, in both instances the police discovered a white, potentially contraband, substance in the respective vehicle. Id. Here, Hoggard's 2018 possession of a firearm arose out of a call for assistance to the police. The responding emergency services team encountered the defendant while he was holding a firearm under a towel. January 14, 2025, Hearing Transcript (ECF No. 84) at 69:25-70:7. That is wholly different than the theory of constructive possession presented in this case. While the time frame in the Brown case for the admitted conviction is similar to this case, about six years, the relevance is still lacking because the conviction was under substantially dissimilar circumstances.

The Government's citations to other cases allowing previous convictions into evidence does not alter the application of the Queen test here. The District of Columbia Circuit's decision in United States v. Cassell, 292 F.3d 788 (D.C. Cir. 2002), involved a significantly shorter time frame (the conviction was only three years before the charged conduct). See United States v. McBride, 676 F.3d 385, 397 (4th Cir. 2012)("[t]he more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater potential relevance of the prior act."). The Government's other cited cases either suffer from similar issues or are simply not on point. See, e.g., United States v. Trent, 443 F. App'x 860, 863 (4th Cir. 2011) (holding that the

6

prior convictions could be admitted as they had "striking similarities" to the charged conduct, where in "all three incidents, Trent drove recklessly, wrecked his vehicle, fled on foot from police, and then attempted to dispose of his firearm."); United States v. Comstock, 412 F. App'x 619, 623 (4th Cir. 2011)(not analyzing the issue of admitting prior convictions, but looking at whether evidence of the Defendant having guns and hunting on prior occasions could be admitted); and United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984)(analyzing whether evidence of prior sales of firearms, not convictions for possession of firearms, could be admitted). None of those decisions alter the temporal and similarity analyses that operate to exclude the previous conviction analyses set forth above.

## CONCLUSION

For the foregoing reasons, the Court holds that the objection to the evidence of the Defendant's prior 2006 and 2018 convictions for felon in possession of a firearm (Motion *in Limine* No. 6) will be SUSTAINED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 29, 2025